1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11    AARON RUFFIN,                          )   1:18-cv-00912-JLT (HC)
                                             )
12                   Petitioner,             )   ORDER GRANTING MOTION FOR STAY AND
                                             )   ABEYANCE
13            v.                             )   [Doc. 16]
                                             )
14                                           )
                                             )   ORDER STAYING PROCEEDINGS PENDING
15    J. GASTELLO, Warden,                   )   EXHAUSTION OF STATE REMEDIES
                                             )
16                   Respondent.             )
                                             )   [SIXTY DAY DEADLINE]
17    _____     )
                                             )
18

19            On July 5, 2018, Petitioner filed a habeas petition raising two claims of instructional error. The

20    Court conducted a preliminary review of the petition and directed Respondent to file a response to the

21    petition. On August 13, 2018, Petitioner filed a motion to amend the petition to add additional claims

22    of ineffective assistance of counsel.  He lodged an amended petition setting forth those grounds.  On

23    August 15, 2018, the Court struck the lodged amended petition as it failed to set forth all grounds for

24    relief.  Petitioner was advised that an amended petition must contain all grounds for relief, and the

25    Court could not refer to a prior pleading to make the amended petition complete.  Petitioner was

26    granted thirty days to file a First Amended Petition setting forth all grounds for relief.  In the

27    meantime, the briefing schedule was suspended.

28

The First Amended Petition contains a claim of trial court error during a Marsden[1] hearing, and a claim of ineffective assistance of counsel for failure to present favorable lab evidence to the jury. Petitioner states that these two claims are unexhausted and he has filed a petition in the California Supreme Court to exhaust them. He moves for a stay and abeyance of the proceedings pending exhaustion of those two claims. As discussed below, the Court will grant a stay of proceedings.

**DISCUSSION**

I.      Motion for Stay and Abeyance

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

In this case, the Court finds good cause to grant the motion for stay. Petitioner states he has already commenced exhaustion of the issues in state court by filing a petition in the California Supreme Court. He anticipates a ruling will be forthcoming in due course at which time he will file a Second Amended Petition setting forth all grounds for relief. Thus, it appears Petitioner is acting diligently. Accordingly, the Court finds that Petitioner has shown good cause for a stay of the proceedings and will grant his motion for stay.

However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at 277. Petitioner must diligently pursue his state court remedies. He is directed to file a status report within 60 days of the date of service of this Order, and he must file a status report every 60 days thereafter advising the Court of the status of the state court proceedings. Following final action by the state courts, Petitioner will be allowed 30 days to file a motion to lift the stay. Failure to comply with

---

[1] People v. Marsden, 2 Cal.3d 118 (1970).

these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order, and dismissal of the unexhausted claims. <u>Rhines</u>, 544 U.S. at 278.

In addition, notwithstanding the stay of proceedings, the Court takes no position on whether the claims are ultimately timely under the statute of limitations.

### ORDER

Accordingly, the Court **ORDERS**:

1) Petitioner's motion for stay is GRANTED; and

2) Petitioner is DIRECTED to file a status report within 60 days of the date of service of this Order, and then every 60 days thereafter. Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay within 30 days of the date of the California Supreme Court's decision.

IT IS SO ORDERED.

Dated: __**October 4, 2018**__         _____**/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE