# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RUFFIN,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELLO, Warden,<br><br>    Respondent. | 1:18-cv-00912-JLT (HC)<br><br>ORDER GRANTING MOTION TO VACATE<br>[Doc. 24]<br><br>ORDER VACATING ORDER DIRECTING RESPONDENT TO FILE RESPONSE<br>[Doc. 23]<br><br>ORDER DIRECTING PETITIONER TO NOTIFY COURT OF ELECTION TO PROCEED ON EXHAUSTED CLAIMS OR STAY PENDING EXHAUSTION OF STATE REMEDIES |

On November 21, 2018, the Court issued an order directing Respondent to file a response to the Second Amended Petition. (Doc. 23.) On December 20, 2018, Respondent filed a motion to vacate the order because Petitioner had not yet exhausted his state remedies. (Doc. 24.) The Court agrees with Respondent and will **VACATE** the order.

## PROCEDURAL BACKGROUND

On July 5, 2018, Petitioner filed a habeas petition raising two claims of instructional error. (Doc. 1.) The Court conducted a preliminary review of the petition and directed Respondent to file a response to the petition. (Doc. 5.) On August 13, 2018, Petitioner filed a motion to amend the petition to add additional claims of ineffective assistance of counsel. (Doc. 11.) He lodged an amended

1

petition setting forth those grounds. (Doc. 12.) On August 15, 2018, the Court struck the lodged amended petition as it failed to set forth all grounds for relief. (Doc. 13.) Petitioner was granted leave to file a First Amended Petition setting forth all grounds for relief. In the meantime, the briefing schedule was suspended.

On October 3, 2018, Petitioner filed a First Amended Petition which set forth a claim of trial court error that allegedly occurred during a Marsden[1] hearing, and a claim of ineffective assistance of counsel for failure to present favorable lab evidence to the jury. (Doc. 17.) Petitioner stated that the two claims were unexhausted, and he moved for a stay and abeyance of the proceedings pending exhaustion of those two claims. (Doc. 16.) On October 5, 2018, the Court granted the stay of the proceedings. (Doc. 19.) Petitioner was directed to file a motion to lift the stay once exhaustion was complete.

On October 23, 2018, Petitioner filed a motion entitled "Request to Lift the Stay and Abeyance." (Doc. 20.) He stated: "Lift the stay. I had a direct appeal for my case. The California Supreme Court denied the Petition of Review that my appellate attorney. . . . There is [sic] no state remedies to be exhausted." (Doc. 20 at 2.) The Court construed this statement to mean Petitioner had completed exhaustion of his additional claims. The Court granted Petitioner's motion to lift the stay and directed Petitioner to file a Second Amended Petition setting forth all exhausted grounds for relief. (Doc. 21.) On November 16, 2018, Petitioner filed a Second Amended Petition. (Doc. 22.) On November 21, 2018, the Court directed Respondent to file a response. (Doc. 23.)

On December 20, 2018, Respondent filed a motion to vacate the order directing Respondent to file a response. Respondent points out that Petitioner has not exhausted his state remedies with respect to the claims he raised in the Second Amended Petition. Respondent notes that the two claims raised in the Second Amended Petition are currently being considered in the state habeas courts. In light of the failure to exhaust and the ambiguity in Petitioner's request to lift the stay, the Court will vacate the order directing Respondent to file a response. Petitioner is directed to advise the Court whether he chooses to proceed with the unexhausted claim, or if he would rather have the proceedings stayed

---

[1] People v. Marsden, 2 Cal.3d 118 (1970).

pending exhaustion of the two claims in the state courts.

**ORDER**

Accordingly, the Court **ORDERS**:

1) Respondent's motion to vacate the order directing Respondent to file a response is GRANTED and the order to respond is VACATED; and

2) Petitioner is DIRECTED to advise the Court whether he chooses to proceed only with the exhausted claim, or if he would rather have the federal habeas proceedings stayed pending exhaustion of the two additional claims in the state courts. Petitioner is GRANTED fourteen days from the date of service of this order to respond.

IT IS SO ORDERED.

Dated: __**January 18, 2019**__       __/s/ Jennifer L. Thurston__
UNITED STATES MAGISTRATE JUDGE