# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RUFFIN<br><br>    Petitioner,<br><br>v.<br><br>J. GASTELLO, Warden,<br><br>    Respondent. | Case No. 1:18-cv-00912-JLT (HC)<br><br>ORDER DIRECTING PETITION TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[TEN-DAY DEADLINE] |

On January 22, 2019, the Court directed Petitioner "to advise the Court whether he chooses to proceed only with the exhausted claim, or if he would rather have the federal habeas proceedings stayed pending exhaustion of the two additional claims in the state courts." (Doc. 27.) Petitioner was granted fourteen days to respond. More than fourteen days have passed and Petitioner has failed to comply with the Court's order. Accordingly, Petitioner will be **DIRECTED** to **SHOW CAUSE** why the petition should not be dismissed for failure to comply with a court order.

## DISCUSSION

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may

1

1 impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260 61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423 24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since July 5, 2018. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, there are no less drastic alternatives since Petitioner has failed to prosecute this action.

///

///

///

**ORDER**

Accordingly, within ten court days, Petitioner **SHALL** show cause in writing why this action should not be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:  **February 13, 2019**      /s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE